IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRADLEY HAROLD ANDREWS,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:12-CV-935-Y |
| | § | |
| DEE ANDERSON, Sheriff,<br>Tarrant County, Texas,<br>Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Bradley Harold Andrews, TDCJ #1530454, is a state prisoner confined in the Tarrant County jail in Fort Worth, Texas.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

#### C. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 7-year sentence on his 2011 burglary conviction in Tarrant County, Texas, in Case No. 1204957D. (Resp't App. at 1) In this petition, he challenges a disciplinary

proceeding in disciplinary case no. D82233, resulting in the loss of visitation privileges for 10 days. (Pet. at 5) Petitioner appealed the guilty finding, to no avail. (Pet., Attachs.) He claims that the disciplinary charge was in retaliation for filing his civil rights action in this court in 4:12-CV-359-Y and that the same disciplinary officers process his numerous grievances. (Pet. at 6) He seeks a "reversal" of the guilty finding and removal of the disciplinary violation from his record.[1] (Pet. at 7) Respondent has filed a motion to dismiss the petition for failure to state a cognizable claim. (Resp't Mtn. to Dismiss at 3-4)

### D. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In the context of disciplinary proceedings, habeas relief is appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *Cook v. Tx. Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Thus, a petition for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972).

This case does not involve the loss of good conduct time. To the extent then the disciplinary proceeding resulted only in the loss of visitation privileges, which do not impact the fact or duration of confinement, the petition does not raise a cognizable constitutional claim on federal habeas review. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d

---

[1] Petitioner also seeks punitive damages, however damages are not an available habeas remedy. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

765, 768 (5th Cir. 1997); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999). Nor does violation of the sheriff department's own disciplinary and/or grievance rules and procedures rise to the standards of a constitutional claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Further, to the extent petitioner claims the guilty finding on his record will adversely affect his eligibility for parole, and thus "longer incarceration," he still has not stated a claim that raises a federal constitutional question. (Pet'r 2nd Reply at 3) While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary violation may affect petitioner's eligibility for parole, he fails to state a claim that is cognizable on federal habeas review. *Madison*, 104 F.3d at 767; *Sandin* v. Conner, 515 U.S. 472, 483-484 (1995).

Finally, petitioner's claim of retaliation is conclusory. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and establish that but for the retaliatory motive the disciplinary report would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The burden placed on the inmate to demonstrate a valid retaliation claim is "significant," and mere conclusory allegations of retaliation are insufficient. *Id.*

## II. RECOMMENDATION

Respondent's motion to dismiss should be GRANTED and petitioner's petition be dismissed for failure to state a cognizable claim.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May __6__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May __6__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

4

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April __15__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE